Citation Nr: 1719262 
Decision Date: 05/11/17 Archive Date: 06/06/17

DOCKET NO. 12-35 242 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, other than PTSD and depression, to include unspecified trauma related disorder and mood disorder. 


REPRESENTATION

Appellant represented by: Tennessee Department of Veterans' Affairs


WITNESSES AT HEARING ON APPEAL

The Veteran and C. C.


ATTORNEY FOR THE BOARD

E. Alexander Neff, Associate Counsel 

INTRODUCTION

The Veteran served on active duty in Army from March 1968 to March 1971. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from an August 2011 rating decision of the Nashville, Tennessee, Department of Veterans Affairs (VA) Regional Office (RO). This appeal was previously before the Board in September 2015. The appeal was remanded to afford the Veteran a hearing. In February 2016 the Veteran testified before the undersigned Veterans Law Judge at a Travel Board hearing. A transcript of the proceeding is associated with the record. 

In the May 2016 decision, the Board expanded the Veteran's April 2011 claim for service connection for PTSD (which the Board denied) by recharacterizing it as an acquired psychiatric disorder, other than PTSD and depression, to include the October 2015 diagnoses of unspecified trauma related disorder and mood disorder. See Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009). The Board then remanded the claim of service connection for an acquired psychiatric disorder, other than PTSD and depression, to include unspecified trauma related disorder and mood disorder to the RO for further evidentiary development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran was provided a VA examination in July 2016 as requested in the 2016 Board remand. The examiner found that there was a positive nexus between the Veteran's stressor of seeing his friends killed in service and his current unspecified trauma related disorder; however, the Remand request had noted that "the Veteran has no confirmed in service stressors for VA purposes." The examiner did not note or discuss any other acquired psychiatric disorders diagnosed since April 2011, including mood disorder secondary to obstructive sleep apnea, which was specifically requested in the Board's 2016 remand. 

The RO subsequently requested an addendum medical opinion, pointing out the fact that the Board had noted that there were no confirmed in service stressors for VA purposes. The clinician was requested to consider an October 2015 VA treatment record that noted a "significant biophysical stressor development" of the Veteran wanting to move into a safer neighborhood, as well as his nightmares. 

Thereafter, in August 2016 the same VA clinician provided a negative nexus opinion. She stated that the Veteran's wanting to live in a safer neighborhood was not an adequate stressor rationale. She noted that the Veteran's stressor was not confirmed and that without a confirmed stressor the validity of the Veteran's statements is unknown. She noted that the Veteran was diagnosed with recurrent major depressive disorder, depressive disorder not otherwise specified, and mood disorder that was secondary to obstructive sleep apnea. The May 2016 remand instructions specifically requested that the VA examiner not consider the Veteran's diagnoses of depression as that claim had been previously decided. The clinician concluded the addendum opinion with a note stating that she did not find the May 2016 remand instructions "clear," and that the needed opinions may not have been entirely provided. She again did not consider and discuss the Veteran's current diagnosis of mood disorder secondary to obstructive sleep apnea.

In light of the foregoing, the Board finds that, taken together, the July 2016 VA opinion and its August 2016 addendum are inadequate and do not fully respond to the development requested in the 2016 Board remand, as neither opinion addressed the Veteran's other psychiatric disabilities diagnosed since April 2011, or his mood disorder secondary to obstructive sleep apnea. As such, a supplemental VA psychiatric opinion is necessary.

Accordingly, the case is REMANDED for the following action:

1. Please obtain all outstanding records of psychiatric treatment, to include updated VA treatment records.
 
2. After completion of the above, please arrange for an addendum opinion that addresses the etiology of the diagnosed mood disorder secondary to GMC (OSA) [general medical condition (obstructive sleep apnea)]. If the examiner determines that an examination is necessary, one should be scheduled. 

a. The examiner is requested to address whether it is at least as likely as not (a 50% or greater probability) that the Veteran's mood disorder secondary to general medical condition (obstructive sleep apnea), is related to service; and
b. The examiner is requested to address whether it is at least as likely as not (a 50% or greater probability) that the Veteran's mood disorder secondary to general medical condition (obstructive sleep apnea), is related to his service-connected residuals of prostate cancer or erectile dysfunction; and
c. The examiner is requested to address whether it is at least as likely as not (a 50% or greater probability) that the Veteran's mood disorder secondary to general medical condition (obstructive sleep apnea), is aggravated (permanently worsened) by his service-connected residuals of prostate cancer or erectile dysfunction. If aggravation by a service-connected disability is found, the examiner should identify, to the extent possible, the approximate baseline level of disability before the onset of the aggravation as well as the level of severity of the disability after the aggravation was completed.

The claims file should be made available to and reviewed by the clinician. The clinician must explain the rationale for all opinions rendered, citing to supporting factual data and/or medical literature, as appropriate.

3. Finally, please readjudicate the claim. If the claim remains denied, issue an appropriate supplemental statement of the case and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board, if in order, for further review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).